IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RODERICK D. ENOCH,** ) | |
| ) | Civil Action No. 3:16-cv-0709 |
| Plaintiff, ) | |
| ) | JUDGE CAMPBELL |
| v. ) | |
| ) | MAGISTRATE JUDGE BROWN |
| **JOHN DEAL COATING, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF DEFENDANT, JOHN DEAL COATING, INC.

Comes now John Deal Coating, Inc. (hereinafter referred to as "Defendant" and/or "John Deal"), Defendant in the above-styled cause, by and through its counsel, and for its answer to the Complaint filed herein states as follows:

1. With respect to paragraph 1 of the Complaint, Defendant John Deal is without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff is a citizen and resident of Williamson County, Tennessee. Defendant admits that Plaintiff is a former employee of Defendant.

2. Admitted.

3. Defendant admits that Plaintiff is seeking declaratory relief, equitable relief and available damages under the Tennessee Human Rights Act ("THRA"), Title VII of the Civil Rights Act of 1964, as Amended ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"), but denies that Plaintiff is entitled to any relief as prayed in this paragraph and demands strict proof of all the same.

4. Admitted that jurisdiction is proper. Defendant denies that any events have occurred which give rise to this action; therefore, venue is improper. Defendant denies that it

committed any unlawful employment practices, but that, to the extent it operates its business by and through its employees and agents, it does so within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

5. Defendant is without knowledge regarding whether Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by Defendant; however, Defendant admits that it received a Charge of Discrimination purportedly signed by Plaintiff. Any remaining allegations in paragraph 5 are admitted.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff is a male of Black or African-American ancestry descent, but admits that Plaintiff alleges that he is.

7. Admitted.

8. Admitted.

9. Denied.

10. Admitted.

11. The allegations of this paragraph are specifically denied and Defendant, John Deal, demands strict proof thereof.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Patrick Beasley is Plaintiff's uncle who is Black or African-American, but admits that Plaintiff alleges these facts. Defendant admits that Patrick Beasley previously worked for Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Mr. Beasley was privy to racial slurs, offensive comments, harassing comments, discriminatory comments, and overall hostile work environment

that permeated the work environment at Deal Coating at the hands of its management. It is denied that Beauchesne and Lamb are a part of Defendant's management.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in this paragraph but admits that Plaintiff makes such allegations, and Defendant demands strict proof of all the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in this numbered paragraph.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and demands strict proof of all the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph except that it received a copy of Plaintiff's Charge of Discrimination in the mail. Defendant is without knowledge as to whether Plaintiff filed a Charge of Discrimination with the EEOC alleging violations of Title VII by Defendant, however, admits that it received a Charge of Discrimination purportedly signed by Plaintiff.

22. Denied.

3

23. Admitted that on May 5, 2015, Plaintiff was terminated for walking away from his assigned area leaving the assembly line unattended after being told not to do so and because of attendance violations. The remaining allegations of this paragraph are denied.

24. Denied.

25. Denied and strict proof thereof is demanded.

26. Denied and strict proof thereof is demanded.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

28. This paragraph does not require a response.

29. Defendant denies that it has committed any unlawful employment practices and, therefore, discrimination, harassment and retaliation but would state that Title VII, the Tennessee Human Rights Act and §1981 are State and Federal statutes which speak for themselves.

30. Denied that Defendant's conduct constitutes any unlawful action under both Federal or State laws and, therefore, Plaintiff should be prohibited from recovering.

31. Denied.

Each allegation in the Complaint, which is neither admitted nor denied, is here and now denied. Neither Plaintiff nor any individual represented by these causes of action is entitled to any relief from the Defendant in any amount or form whatsoever.

## **PRAYER FOR RELIEF**

Defendant denies that any relief requested by Plaintiff in paragraphs 1 through 2h should be granted and that none of the requested relief is merited and should be denied.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff is seeking relief under Title VII of the Civil Rights Act, as Amended, for causes of action that were not included in Plaintiff's Charge of Discrimination, such claims of relief are not properly before the Court.

2. Upon information and belief, the Complaint is barred, at least in part, by applicable statute of limitations.

3. The claims sought are barred to the extent the Plaintiff failed to exhaust his administrative remedies.

4. The Complaint fails to state a cause of action against Defendant upon which relief can be granted.

5. Upon information and belief, Plaintiff has failed to mitigate his damages.

6. Defendant claims that Plaintiff has unclean hands and that all recovery should be prohibited as requested.

WHEREFORE, having fully answered, Defendant requests that this action be dismissed and that Defendant be awarded its costs, including reasonably attorney's fees, and any further relief the Court may deem appropriate for having to defend this action.

Dated this 1st day of July, 2016.

Respectfully submitted,

*/s/ Trevor W. Howell*
Trevor W. Howell, #9496
Howell Law Firm, LLC
The Customs House
701 Broadway
Suite 401, Box 17
Nashville, TN 37203
(615) 739-6938
Trevor@howelllawfirm.com

*Attorney for Defendant*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2016, a copy of the foregoing *Answer of Defendant, John Deal Coating, Inc.* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Trevor W. Howell
Howell Law Firm, LLC
The Customs House
701 Broadway
Suite 401, Box 17
Nashville, TN 37203
Trevor@howelllawfirm.com

Brian C. Winfrey, Attorney for Plaintiff
The Winfrey Firm
2002 Richard Jones Rd., B-200
Nashville, TN 37215
brian@thewinfreyfirm.com

    */s/ Trevor W. Howell*
Trevor W. Howell